IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,541-05






EX PARTE TERRY E. WINCHESTER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-2846-B IN THE 106TH JUDICIAL DISTRICT COURT


FROM LYNN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to appear
and sentenced to life imprisonment. The Seventh Court of Appeals affirmed his conviction.
Winchester v. State, No. 07-07-0031-CR (Tex. App. - Amarillo, February 14, 2008, pet. ref'd)).

 Applicant contends, inter alia, that his trial counsel, who also represented him on direct
appeal, rendered ineffective assistance because counsel failed to investigate or challenge the validity
of Applicant's arrest, failed to object when the prosecutor argued the specific application of parole
and time credit to Applicant's case, and failed to raise issues on direct appeal which had been
preserved by his own trial objections. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with documents pertinent to this case,
including copies of the indictment, the judgment and sentence, and pretrial motions filed, the
transcript of the punishment arguments, and any other documents relating to Applicant's habeas
claims. The trial court shall then make findings of fact as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred and twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: February 16, 2011

Do not publish